## CARR-LOWRY LUMBER CO. *v.* MARTIN.*

(Division B. May 24, 1926. Suggestion of Error Overruled Oct. 25, 1926.)

[109 So. 849. No. 25755.]

1. ATTACHMENT. *As respects attachment, fact that citizen of state moves wife and children out of state, together with certain exempt property, but himself remains in state with no intention of abandoning residence, does not constitute him nonresident.*

   The fact that a citizen of the state moves his wife and children out of the state, together with certain exempt property, but himself remains in the state with no intention of abandoning his residence here, does not constitute him a nonresident of the state within the meaning of the laws of the state.

2. ATTACHMENT. *Citizen may remove exempt property out of state or dispose of it without subjecting himself to attachment.*

   Under the laws of this state, a citizen may remove exempt property out of the state or dispose of it without subjecting himself to attachment therefor, as his creditors have no rights to or interest in such exempt property unless secured by contract.

ON SUGGESTION OF ERROR.

3. ATTACHMENT. *In instruction in attachment suit, that "if plaintiff has failed to so prove any said grounds," it is duty of jury to find for defendant, word "any" is synonymous with "either."*

   In an attachment suit where several grounds are relied upon, and the court, in instructing the jury, instructed them that the plaintiff must have proven any one or more of the grounds, and winds up the instruction by saying, "If the plaintiff has failed to so prove any said grounds it is the sworn duty of the jury to find for the defendant," the word "any" is synonymous with "either," citing Bouvier's Law Dictionary.

---

*Corpus Juris-Cyc References: Any 3CJ, p. 231, n. 28. Attachment, 6CJ, p. 52, n. 88; p. 66, n. 59. Trial, 38Cyc, p. 1778, n. 73; p. 1779, n. 75. As to what constitutes nonresidence for the purpose of attachment, see notes in 19 L. R. A. 665; L. R. A. 1915A, 400; 26 A. L. R. 180; 2 R. C. L. 819; 1 R. C. L. Supp. 636; 5 R. C. L. Supp. 113.

APPEAL from circuit court of Union county.

HON. T. E. PEGRAM, Judge.

Attachment by the Carr-Lowry Lumber Company against J. F. Martin. Judgment for defendant, and plaintiff appeals. Affirmed.

*Charles Lee Crum,* for appellant.

I. The court should have given the peremptory instruction for the plaintiff because the defendant swore that at the time he left Mississippi and carried his family to his residence in Memphis, Tennessee, that he carried forty or fifty dollars in cash with him and left nothing in the state of Mississippi in the way of property out of which his creditors could make any debt or judgment. This occurred two weeks before the ancillary attachment was sued out. *Philadelphia Investment Co.* v. *Bowling,* 22 Miss. 565.

Also the peremptory instruction for the plaintiff should have been given because the defendant swore that the only car owned by him at the time suit was instituted was conveyed to one J. D. Newby, and Newby conveyed a car he owned to Mrs. Martin, defendant's wife, and that defendant carried his wife and family out of the state in this car, leaving nothing in the state subject to execution.

It does not matter whether he moved this property out of the state with the intent to defraud his creditors or not, the mere fact that he moved it out of the state when he was in debt and left no property in the state to pay his debts is a ground for attachment. That feature of the case is undisputed.

Again, the peremptory instruction should have been given on the undisputed testimony of the defendant himself, and the affidavit of his daughter on file, that he had, a short time before the attachment was sued out, deeded to his daughter, Emily, eighty acres of land for the inadequate consideration of fifty dollars, being the only land he had subject to execution at the time, when the

proof showed that he sold three hundred fifty dollars worth of timber off of this land after deeding it to his daughter, and received the money himself.

Furthermore, the testimony of the defendant himself showed that he had property or rights in action which he was concealing and unjustly refusing to apply to the payment of his debts. About two thousand dollars in cash came into his hands for which he had converted his property in Mississippi, and by his own testimony he said none of that money was in the state of Mississippi, though he never explained where the money was, except to say that he had made a partial payment on a place in Memphis that he had bought.

The proceeds of the sale of exempt property are subject to the debt of creditors. *Adams* v. *Dees*, 62 Miss. 354. The proof clearly shows that the defendant assigned and disposed of his property or some part thereof, and the presumption is that it was fraudulent and the burden rests on the defendant to show that he had other property in the state ample to pay his debts. *Pickard* v. *Samuels*, 64 Miss. 822.

The court, therefore, erred in refusing to give the peremptory instruction.

II. The court erred in giving instruction No. 1 telling the jury that before the attachment could be sustained for removing or being about to remove his property out of the state that the plaintiff had to show to the satisfaction of the jury that it was removed or being removed "with intent to defeat his creditors." This is not the law and never was.

Another defect in this same instruction is that the court instructed the jury that "If the plaintiff has failed to prove '*any*' said ground, it is the sworn duty of the jury to find for the plaintiff." This instruction clearly says and clearly means that if a single ground of the attachment was not proved to the satisfaction of the jury, the jury should find for the defendant. This is clearly

an error in law, because if the plaintiff in this case proved any single ground of the attachment alleged and there were four grounds, then the jury should have found for the plaintiff that the attachment was rightfully sued out.

III. The court erred, too, in refusing the third instruction asked by the plaintiff, which was to the effect that if the conduct or statements of the defendant were such as to mislead the plaintiff or his agent, and that the writ of attachment was sued out relying upon such conduct or statements, then the defendant would be estopped to show the truth of the situation and that the jury should find that the attachment was rightfully sued out. This is simply an application of the doctrine of estoppel which has been long recognized in Mississippi. *Mack* v. *Jacobs,* 70 Miss. 429. Section 170, Hemingway's Code, as construed by *Brooks* v. *Gentry,* 108 Miss. 447, authorizes an appeal from a judgment dissolving an attachment, as in this case.

The judgment below should be reversed.

*B. N. Knox,* for appellee.

This case was submitted to a jury on a question of fact as to whether or not the appellee had become liable to a writ of attachment on any of the statutory grounds set out in the affidavit and writ. The jury heard all the testimony and, under their oaths, found that the attachment was wrongfully sued out. Under the proof in the case, the verdict of the jury was warranted and this court will not disturb the finding of the jury on a question of fact.

*Philadelphia Investment Co.* v. *Bowling,* quoted by appellant, is not applicable because in that case the debtor testified that he carried his money out of the state preparatory to going abroad. This is not applicable to the case at bar at all, because it is undisputed by the proof in this case that appellee did not remove himself from

the state, and moved only his family from the state for a short time, so that one child might have the benefit of schools and another might obtain employment. Appellee did not have any intention of moving out of the state himself.. All of the property moved out of the state was exempt property. The money received by appellee from the sale of exempt property, real or personal, was not subject to attachment and the propery moved out of the state being exempt was not ground for attachment. Section 1833, Hemingway's Code; *Meachum* v. *Edmondson*, 54 Miss. 746; also *Borodofski* v. *Feld*, 88 Miss. 31.

Counsel for appellant contends that the case should be reversed because the court gave an instruction for appellee to the effect that if appellant had failed to prove *any* of the grounds enumerated, the jury should find for the defendant. Surely, the appellant does not contend that he would have to prove *all* of the grounds set out in the affidavit and the writ. The court merely told the jury that if the plaintiff proved any one of the grounds, they should find for the plaintiff; and if the proof did not show that defendant did commit any of the four acts as alleged, the jury should find for the defendant.

Section 159, Hemingway's Code, is inapplicable to appellant's position that the plea to the merits should have been withdrawn before filing the plea in abatement to the attachment, because section 159 is applicable where the attachment is primary and not ancillary; and where the plea in abatement has already been filed and then the declaration is filed, a plea to the merits shall not be filed until the plea in abatement is disposed of.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued out a writ of attachment against the appellee for breach of the contract for the payment of notes aggregating one thousand two hundred forty-five dollars. The grounds of the attachment were: First, that the defendant is a nonresident of the state; and, sec-

ond, that he has removed or is about to remove himself and his property out of the state; and, third, that he has property and rights of action which he conceals and unjustly refuses to apply to the payment of his debts; and, fourth, that he has assigned and disposed of, or is about to assign and dispose of, his property or rights in action or some part thereof with intent to defraud his creditors. The attachment writ was levied upon certain land located in Mississippi, and garnishments were issued to certain defendants alleged to be indebted to the defendant. The defendant pleaded in abatement of the attachment, traversing the grounds of the attachment.

It appears from the record that at the time of contracting the debt Martin owned certain property above his exemptions, and that he had moved his family to Memphis, Tenn., but that he personally remained in Union county, Miss., where the attachment was sued out. He moved certain houshold effects and a cow to Memphis, and his wife carried an automobile there which the defendant claimed belonged to her. The defendant's testimony showed that his family's moving to Memphis was for the purpose of having one of his children enter school and another daughter who was an adult to secure employment, and that it was his intention to have his family return to Mississippi after the accomplishment of these objects; that he had not purposed to move out of the state himself and he had retained certain property in the nature of household effects for himself. It further appeared that he had sold certain lands after the debt was contracted and that some of the money for such lands was paid to his wife. The case was submitted to the jury on appropriate instructions, and the jury returned a verdict for the defendant on the attachment issue.

We think the evidence for the defendant was sufficient to uphold the jury's finding of fact, and we find no error of law warranting reversal of the case. The judgment will therefore be affirmed.

*Affirmed.*

## ON SUGGESTION OF ERROR.

It is contended, on suggestion of error, that we erred in two particulars: (1) In not holding that the attachment was wrongfully sued out, because the defendant carried money out of the state; and (2) because of an instruction which will hereafter be referred to.

It is true that the defendant carried some property and a little money to Memphis at the time he moved his wife and children there, but the property was exempt property, and the money was obtained from the sale of exempt property, which, under section 1833, Hemingway's Code (section 2158, Code of 1906), did not become subject to the demand of his creditors. A creditor has no claim upon the exempt property, or the proceeds thereof, and, consequently, there was no error in this particular.

The instruction complained of is criticized—especially is the language, "The cause was submitted on appropriate instructions," used in the opinion, criticized—and it is insisted that this instruction is fatally erroneous. This instruction reads as follows:

"The court charges the jury for the defendant that the burden of proof in this case is upon the plaintiff to show by a preponderance of the evidence in this case that the defendant is a nonresident of the state of Mississippi, or that he has assigned or disposed of or is about to assign or dispose of his property with intent to defraud his creditors, or that he has removed or is about to remove himself or his property out of the state with intent to defeat his creditors, or that he has property or rights in action that he conceals or unjustly refuses to apply to the payment of his debts, and if the plaintiff has failed to so prove any said grounds, it is the sworn duty of the jury to find for the defendant."

It is said that the word "any" has the effect of telling the jury that, although the plaintiff may have proved one of the said grounds, that still he is not entitled to

recover.   Bouvier in his Law Dictionary, in defining the word "any," makes it synonymous with "either" in certain cases, and it is manifest to our minds that it has this meaning in this instruction, and that it was so understood by the jury.

The court will construe an instruction, and if, as construed, it is proper, it may be called "appropriate." But whether the word "appropriate" should have been used or not is immaterial, as we think, taking all the instructions together, it is perfectly manifest that the jury was not misled by it.   The suggestion of error will therefore be overruled.

*Suggestion of error overruled.*